[528]                    LITTLE *vs.* KELLOGG.

A practising attorney of this court proceeded against as a defendant by the filing and service of a declaration, is not entitled to be served with *notice* of the subsequent proceedings in the suit, unless he has apprised the plaintiff's attorney of his intention to *defend in person.*

THE suit in this case was commenced by the filing and service of a declaration. The default of the defendant was entered for not pleading, the damages assessed, judgment signed, and execution issued. The defendant moved to set aside the proceedings subsequent to the default on an affidavit that he was a practising attorney of this court, and that no notice of assessment or inquiry had been served upon him; he also made an affidavit of merits. In support of the motion to set aside the proceedings on the ground of irregularity, the case of *The New York State Bank* v. *Wood,* (10 *Wendell,* 594,) was cited.

*By the Court,* NELSON, J. Where a suit is commenced against an attorney of this court by the filing and service of a declaration, he is not entitled to be served with notices of the subsequent proceedings in the cause, unless he has given notice to the plaintiff's attorney of an intention on his part to *defend in person.* Such I hold to be a sound construction of the *tenth* general rule of this court, and the motion to set aside the proceedings for irregularity is accordingly denied, notwithstanding the decision in *The New York State Bank* v. *Wood,* (10 *Wendell,* 594.) As, however, the defendant swears to merits, he is entitled to relief; and is accordingly allowed to come in and defend. The judgment and execution to stand as surety, and the costs of this motion to abide the event of the suit.

---

[529]                    MOORE *vs.* McINTOSH.